## FARMERS STATE BANK OF ST. EDWARD, APPELLANT, V. FRANK P. FLAHERTY, APPELLEE.

FILED JANUARY 28, 1932. No. 28108.

*F. C. Radke, Barlow Nye* and *George W. Wertz,* for appellant.

*J. R. Shields* and *Wagner & Wagner, contra.*

Heard before ROSE, DEAN, GOOD and DAY, JJ., and THOMSEN, District Judge.

GOOD, J.

This action was begun in the name of the Farmers State Bank of St. Edward on a promissory note in which it was named as payee, and which was signed by the defendant as maker. The bank was insolvent at the time the action was brought. Later, the receiver of the bank was substi-

tuted as plaintiff. Defendant answered, admitting the execution of the note, and alleged that it was given as an accommodation to the bank and without consideration. A trial resulted in a verdict and judgment thereon for defendant. Plaintiff has appealed.

Plaintiff contends that the verdict is contrary to the evidence, and, further, that if the note was without consideration it was given for the purpose of deceiving the bank examiner and state banking authorities, and was a fraud upon the then existing and prospective depositors and creditors of the bank.

On several points the evidence is in sharp and irreconcilable conflict. The finding of the jury for defendant on conflicting evidence compels this court to take the view of the evidence most favorable to defendant. There is evidence tending to support the contention of plaintiff that the note was given for a valuable consideration, but the evidence of the defendant is to the effect that in September, 1926, he gave a note for $5,900 to the bank, without any consideration whatever and purely as an accommodation to the bank; that this note was twice renewed without the payment by him of any interest and without his receiving any consideration for either renewal. The second renewal note is the one in controversy in this action.

It would serve no useful purpose to set out in this opinion a résumé of the evidence. Suffice it to say that there is ample evidence in the record to sustain the finding that the note was given as an accommodation and without consideration.

Plaintiff contends that even if the note was without consideration it was given in pursuance of a fraudulent design and scheme between the defendant and the then cashier of the bank, to make it appear that the bank was solvent and in a sound condition, when, in fact, it was not, and that this worked a fraud upon the then existing and prospective depositors and creditors of the bank. The evidence discloses that at the time the original note was

given the bank was a going concern and, so far as appears, was entirely sound. It is true that it was represented that the bank desired additional money and preferred raising it by use of accommodation paper, rather than enforce payment on obligations due the bank from farmers of the vicinity who had suffered loss of crops; but there is nothing to disclose that the bank was in an unsound condition either at the time of the original note or of its first renewal. The second renewal, being the note in question, was executed after banking hours on the same day that the bank finally closed its doors. The banking authorities could not have been deceived by the execution of this renewal; nor could any creditor of the bank been injured thereby.

The facts disclosed by the record fail to support the contention of plaintiff that the note was executed for the purpose of deceiving the state banking authorities, or of working a fraud upon the creditors of the bank; or that it did, in fact, deceive the state banking authorities or work any injury to any creditor of the bank.

The record appears to be free from error. Judgment
AFFIRMED.